UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :

    -v-                                         :

HAYIM REGENSBERG,                           :

                Defendant.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**...CALLY FILED**

**MAR 1 3 2008**

**INDICTMENT**

08 Cr.

**08 CRIM 219**

## COUNT ONE

(Securities Fraud)

The Grand Jury charges:

### Relevant Persons and Entities

1.  At all times relevant to this Indictment, Arbco Capital Management, LLP ("Arbco"), purported to be a limited partnership that purportedly maintained a place of business in New York, New York.

2.  At all times relevant to this Indictment, Midwest Trading LLC ("Midwest"), was a New York company that purportedly maintained a place of business in New York, New York.

3.  At all relevant times, HAYIM REGENSBERG, the defendant, was responsible for the day-to-day operations and management of both Arbco and Midwest. REGENSBERG was a resident of New York, New York.



## The Fraudulent Scheme

4.        From in or about 2004, up to and including in or about September 2007, HAYIM REGENSBERG, the defendant, engaged in an illegal scheme to defraud members of the investing public, divert investor funds, and perpetrate a "Ponzi" scheme.  To effect this illegal scheme, REGENSBERG made, or caused others to make, false and fraudulent representations to investors and potential investors to induce them to entrust their monies to REGENSBERG for the purported purpose of investing in either or both of two investment vehicles.  These false and fraudulent representations included claims that, through Arbco and/or Midwest, REGENSBERG would invest investor funds in (a) a lending product (the "Lending Product"), whereby REGENSBERG would loan the pooled funds of REGENSBERG's investors to institutions engaged in securities trading (the "Trading Firms"), which in turn would pay an above-market fixed rate of return for the use of those loaned funds at little or no risk to the invested capital, or (b) initial public offerings ("IPOs") of stock traded on an international stock exchange, in a manner that would virtually guarantee the investor a quick and high rate of return at little or no risk to the invested capital (the "IPO Product").  As a result of their discretionary authority to trade the investors' funds, REGENSBERG, Arbco and Midwest owed those investors a fiduciary duty of care and loyalty to execute trades on behalf of and in the best interests of the investors.

5.        At all times relevant to this Indictment, HAYIM REGENSBERG, the defendant, made and caused others to make false and fraudulent representations regarding how investor funds in the Lending Product would be invested.  REGENSBERG told investors their Lending Product investment funds would be "loaned" to Trading Firms, which would use those funds merely as collateral relating to leveraged investments being made by those Trading Firms.

2

REGENSBERG further represented that his Lending Product investors' funds would not be invested by the Trading Firms, but rather, would remain in the Trading Firms' accounts to enable the Trading Firms to execute the Trading Firm's own trades, and that the Trading Firms would pay a fee to use the funds in this way. REGENSBERG further told investors that funds invested in the Lending Product would be subject only to the low risk that a Trading Firm might collapse. REGENSBERG promised each Lending Product investor a high, fixed annual rate of return, up to as high as 18 percent per year. REGENSBERG typically documented that promised return with a promissory note issued by Midwest or Arbco (collectively, the "Notes"), stating the fixed return to be paid to the investor and promising to pay that return in monthly installments. The Notes typically promised that the investor would receive back his or her principal amount of the Note on the earlier of (a) the fifth-year anniversary of the Note's issuance, or (b) upon demand, as provided in the Note, approximately three weeks after such demand was made by the investor. In truth and in fact, as REGENSBERG well knew, and in violation of REGENSBERG's fiduciary obligations, REGENSBERG did not invest investor funds in any Lending Product or similar investment, but instead (a) invested substantial amounts of investors' funds in highly speculative and risky securities including, among other things, stock options of companies whose stock was listed on domestic exchanges, (b) used later-investors' funds to pay money owed to earlier investors, or (c) misappropriated investor funds to pay for his and his family's own personal expenses.

      6.     From at least in or about early 2006 to in or about September 2007, HAYIM REGENSBERG, the defendant, also made and caused others to make false and fraudulent representations regarding how investor funds in the IPO Product would be invested.

REGENSBERG falsely represented to investors in the IPO Product that he was able to obtain IPO stock of companies listed on an international stock exchange (typically, a British stock exchange) at a time prior to when it was available to the general public. REGENSBERG further represented that he would sell that IPO stock in the public market at the earliest possible moment thereafter, thereby allowing him to achieve for his investors quick returns of between approximately 5 percent and approximately 15 percent within weeks of the IPO, with little or no risk to the invested capital. REGENSBERG further told IPO Product investors that he had used this international IPO investment strategy successfully in the past, and had a consistent and highly positive investment track record in such investments. In truth and in fact, as REGENSBERG well knew, and in violation of REGENSBERG's fiduciary obligations, REGENSBERG failed to invest investor funds in any IPO stock, and had no such track record. Instead, REGENSBERG diverted investor funds by: (a) investing substantial amounts of investors' funds in highly speculative and risky securities including, among other things, stock options of companies whose stock was listed on domestic exchanges, (b) paying debts owed to earlier investors, or (c) paying for his and his family's own personal expenses.

7.      In order to conceal the fact that he had failed to generate any IPO Product profits for his investors, and to conceal the unauthorized expenditures of investor funds, HAYIM REGENSBERG, the defendant, falsely represented to IPO Product investors, both orally and in writing, (a) that their funds had been invested in IPO stock of companies traded on an overseas exchange, and (b) that their investments had generated profits.

8.      In furtherance of the scheme, HAYIM REGENSBERG, the defendant, also sent or caused to be sent to investors money he falsely represented to be the proceeds of their

4

investments in the IPO Product and the Lending Product. In sending such proceeds, REGENSBERG falsely represented that he had engaged, on behalf of those investors, in profitable international IPO-related trades or successful lending transactions with the Trading Firms. In truth and in fact, and as REGENSBERG well knew, the purported investment proceeds were simply funds of other investors, diverted by REGENSBERG from one investor to another, and were not profits from any successful Lending Product or IPO Product investment activity.

9.      On or about September 4, 2007, HAYIM REGENSBERG, the defendant, also sent and caused to be sent to investors a false and fraudulent bank account statement, which purported to reflect that an Arbco bank account controlled by REGENSBERG contained approximately $9 million (hereinafter, the "Forged Bank Statement"). REGENSBERG sent the Forged Bank Statement to investors to conceal the fact that, on or about September 4, 2007, the Arbco bank account in fact contained less than $10,000, to conceal the unauthorized expenditures of investors' funds misappropriated by REGENSBERG, and to conceal losses due to REGENSBERG's highly speculative and risky options trading.

10.      As a result of the fraudulent scheme described above, from in or about 2004, up to and including in or about September 2007, HAYIM REGENSBERG, the defendant, caused investor losses totaling in excess of approximately $11 million.

### Statutory Allegation

11.      From in or about 2004, up to and including in or about September 2007, in the Southern District of New York and elsewhere, HAYIM REGENSBERG, the defendant, unlawfully, willfully, and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities

exchanges, did use and employ manipulative and deceptive devices and contrivances, in violation

of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes,

and artifices to defraud; (b) making untrue statements of material facts and omitting to state

material facts necessary in order to make the statements made, in light of the circumstances under

which they were made, not misleading; and (c) engaging in acts, practices, and courses of

business which operated and would operate as a fraud and deceit upon persons in connection

with the purchase and sale of securities.

(Title 15, United States Code, Sections 78j(b) and 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5; and
Title 18, United States Code, Section 2.)

## COUNTS TWO THROUGH FOUR

### (Wire Fraud)

The Grand Jury further charges:

12.     The allegations contained in paragraphs 1 through 10 of this Indictment

are repeated and realleged as if fully set forth herein.

13.     From in or about 2004, up to and including in or about September 2007, in

the Southern District of New York and elsewhere, HAYIM REGENSBERG, the defendant,

unlawfully, willfully and knowingly, having devised and intending to devise a scheme and

artifice to defraud and for obtaining money and property by means of false and fraudulent

pretenses, representations, and promises, to wit, a scheme to defraud investors in

REGENSBERG's purported IPO Product and Lending Product, did transmit and cause to be

transmitted by means of wire communication in interstate and foreign commerce the following

writings, signs, signals, pictures and sounds, for the purpose of executing such scheme and

artifice, as set forth below:

| Count | Wire Transfer | Approximate Date | Sent From | Sent To |
|-------|---------------|------------------|-----------|---------|
| Two | Electronic transfer of funds of approximately $100,000 | June 11, 2007 | New Jersey | New York, New York |
| Three | Electronic transfer of funds of approximately $150,000 | June 25, 2007 | Michigan | New York, New York |
| Four | Electronic transfer of funds of approximately $4,275 | August 1, 2007 | New York, New York | New Jersey |

(Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE ALLEGATION

14.    As the result of committing the securities fraud and wire fraud offenses, in

violation of Title 15, United States Code, Sections 78j(b) & 78ff, Title 17, Code of Federal

Regulations, Section 240.10b-5, and Title 18, United States Code, Sections 1343 and 2, as

alleged in Counts One through Four of this Indictment, HAYIM REGENSBERG, the defendant,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(c)

and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or

is derived from proceeds traceable to the commission of the offenses alleged in Counts One

through Four of this Indictment.

### Substitute Asset Provision

15.    If any of the forfeitable property, as a result of any act or omission of the

defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be

subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to

seek forfeiture of any other property of said defendant up to the value of the above forfeitable

property.

(Title 18, United States Code, Sections 981(a)(1), 982,
and Title 28, United States Code, Section 2461.)


_____
Foreperson

_____
MICHAEL J. GARCIA
United States Attorney

8

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**

- v -

**HAYIM REGENSBERG,**

**Defendant.**

### INDICTMENT

08 Cr.

(Title 15, United States Code, Sections
78j(b) & 78ff; Title 17, Code of
Federal Regulations, Section
240.10b-5; and Title 18, United
States Code, Sections 1343 and 2)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

Deputy Foreperson.

_3/13/08_ _F/I Int Rout 11-1-80 This case is Assigned to Judge Marrero for all purposes_

_MAg Judge_ _[signature]_