```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALBERTO MENDOZA,

                        Plaintiff,

        -against-

UNITED STATES OF AMERICA

                        Defendant.
------------------------------------------------------------X
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/4/11

**MEMORANDUM ORDER**

10 Civ. 9002 (HB)
08 Cr. 219

**Hon. HAROLD BAER, JR., District Judge:**

Albert Mendoza ("Mendoza") seeks the return of property that was seized by the United States government ("government") during his November 10, 2008 arrest for charges against him in *United States v. Gomez, et al.*, No. 09 Cr. 219-2 (S.D.N.Y. Mar. 26, 2010). For the following reasons, Mendoza's motion is GRANTED in part and DENIED in part.

## Background

On November 10, 2008, the Drug Enforcement Agency ("DEA") arrested Mendoza in connection with his involvement in a conspiracy to distribute approximately 804 grams of heroin. In connection with his arrest, the DEA seized 804 grams of heroin from Mendoza's bedroom, along with two cellular telephones, Mendoza's wallet and approximately $2,380 in United States currency. On December 19, 2008 the DEA sent notice to Mendoza that it initiated administrative forfeiture proceedings in relation to the $2,380 and provided Mendoza with instructions on how to request remission or mitigation of the forfeiture and how to contest the forfeiture. Mendoza had 30 days from the receipt of the notice to request remission or mitigation of the forfeiture and until January 23, 2009 to contest the forfeiture. Mendoza did not follow either procedure, and on March 4, 2009, the $2,380 was forfeited and the money was disbursed. On August 12, 2009, following a three-day jury trial in which the government used evidence obtained from the defendant's cellular telephones, Mendoza was found guilty of the charged heroin distribution conspiracy. *United States v. Gomez, et al.*, No. 09 Cr. 219-2 (S.D.N.Y. Mar. 26, 2010).

On November 8, 2010, Mendoza filed a motion under Fed. R. Crim. P. 41(g) seeking the return of one gold ring, two cellular telephones, one wallet, and $2,380 in United States currency. On January 7, 2011, I accepted the Rule 41(g) action as related to the prior criminal

1

case, and on January 11, 2011 the case was assigned to me. On February 15, 2011 the government filed an opposition to the motion, and Mendoza did not file a reply.

## Discussion

### I. Standard for the Return of Property Pursuant to Rule 41(g)

Although Mendoza styled his application as a motion in the prior criminal case, this Court construed it as a motion in a new civil action. *See United States v. Giovanelli*, 998 F.2d 116, 118-19 (2d Cir. 1993) (where criminal proceedings against movant completed, district court should treat motion for return of seized property under Fed. R. Crim. P. 41(g) [formerly Rule 41(e)] as new civil equitable proceeding); *Mora v. United States*, 955 F.2d 156, 158 (2d Cir. 1992) (same); *Onwubiko v. United States*, 969 F.2d 1392, 1397 (2d Cir. 1992) (same).

To prevail on a Rule 41(g) motion for the return of property, the moving party "must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." *Ferreira v. United States*, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005) (*quoting United States v. Van Cauwenberghe*, 827 F.2d 424, 433 (9th Cir. 1987)). "Once seized currency has been disbursed and is no longer available, a claim for its return is analogous to any Rule 41(g) claim for the return of tangible property that is no longer at hand: such claims are jurisdictionally barred by the principle of sovereign immunity." *Diaz v. United States*, 517 F.3d 608, 613 (2d Cir. 2008) (finding sovereign immunity stripped district court of jurisdiction to consider claim of seized money that had been disbursed to Treasury and District Attorney's office); *see also Adeleke v. United States*, 355 F.3d 144, 151 (2d Cir. 2004) (Rule 41(g) "which simply provides for the return of seized property, does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property").

### II. Mendoza's Personal Property

After providing proper notice to Mendoza, the DEA administratively forfeited and dispersed the money. Therefore, the Court lacks jurisdiction to consider Mendoza's claim for its return. *See Diaz*, 517 F.3d at 613; *Ruotolo v. United States*, No. 09-4421-cv, 2009 WL 412991 (2d Cir. 2009) (affirming dismissal of Rule 41(g) motion for return of a seized coin collection, whether considered fungible goods or currency, that had been administratively forfeited on grounds of lack of jurisdiction).

With respect to Mendoza's wallet, the government has stated that it intends to return his wallet to him, but has not yet shown evidence that it has done so. The government does not

2

dispute that Mendoza is entitled to lawful possession of his wallet, it is not contraband, and the government has no need for it. Therefore, the government shall return Mendoza's wallet to him.

As for the gold ring, the government denies knowledge of the ring, and Mendoza has not shown that the government ever took its possession. Accordingly, Mendoza's motion is denied with respect to the ring, but if Mendoza acquires more information on this score, he may file a motion for reconsideration.

The government may maintain possession of the cellular telephones until Mendoza exhausts his remedies or otherwise waives his right to institute any subsequent challenges to his conviction because the cellular telephones would have evidentiary value in the event Mendoza's conviction is overturned and a retrial ordered. *See Vega v. United States,* No Civ. 8920, 2001 WL 823874, at *2 (S.D.N.Y. July 20, 2001) (holding that the government has authority to retain seized property for use as evidence in related criminal proceedings); *Lovelace v. United States,* No. 00 Civ. 1274, 2001 WL 984686, at *4 (S.D.N.Y. Aug. 27, 2001) (holding that the return of property requested by the defendant was not proper because the government demonstrated a potential need for the property as evidence against the defendant where the defendant maintained a right to reinstate the appeal of his conviction upon the issuance of a decision on his then-pending habeas petition).

## Conclusion

Mendoza's motion to return his wallet is GRANTED, and the wallet will be returned within 30 days from the date hereof. Mendoza's motion to return $2,380 in United States currency, two cellular telephones and one gold ring is DENIED. Should it be determined at a later date that a gold ring belonging to Mendoza was obtained in connection with his arrest, the government shall return such ring to Mendoza. If Mendoza exhausts the procedures afforded to him to appeal his conviction or otherwise waives his right to seek such an appeal, the government shall return two cellular telephones to him.

SO ORDERED.

New York, New York
April 1, 2011

_____
HAROLD BAER, JR.
United States District Judge

3